UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAULA TARANTELLI-BENJAMIN,

                          Plaintiff,

      v.

ETHICON WOMEN'S HEALTH and
UROLOGY, et al.,

                          Defendants.
_____

<u>DECISION & ORDER</u>

14-CV-6386DGL

        By motion filed on June 2, 2023, defendants seek an order precluding the report and testimony of plaintiff's case-specific expert witness, Dr. Michael T. Margolis. (Docket # 123). According to defendants, on January 20, 2023, when she was represented by her former counsel, plaintiff disclosed Dr. Margolis as an expert and furnished an expert report to defendants. (Docket # 123-1 at ¶ 2). Defendants thereafter attempted to schedule Dr. Margolis's deposition with plaintiff, who was then proceeding *pro se*, but those efforts were unsuccessful; by letter dated April 23, 2023, defendants alerted the Court to their inability to confirm a date for Dr. Margolis's deposition. (Docket # 120). In response, plaintiff stated that she had never been examined by Dr. Margolis. (Docket # 121).

        Based upon this correspondence, the Court directed that the plaintiff inform defendants, on or before May 12, 2023, whether she intended to rely upon Dr. Margolis's expert report or testimony in this matter and, if so, to confirm a date upon which Dr. Margolis was available to be deposed by defendants. (Docket # 122). The Court further ordered that if plaintiff did not provide the information by the deadline, or if she informed defendants that she

did not intend to rely upon Dr. Margolis's expert report or testimony, defendants would be free to file a motion seeking to preclude Dr. Margolis's expert testimony and report. (*Id.*). The Court specifically cautioned plaintiff that "such a motion [could] result in her being precluded from relying upon Dr. Margolis's expert report or testimony in this matter, including in opposition to any dispositive motion filed by defendants or in support of her claims during any trial in this matter." (*Id.*).

According to defendants, plaintiff did not provide them with any further information regarding Dr. Margolis by the Court's May 12 deadline, prompting the pending motion to preclude his report and testimony. (Docket # 123-1 at ¶ 6). By letter received July 19, 2023, plaintiff indicated that she does not oppose defendants' motion to preclude and requested that the Court grant the motion and cancel the oral argument scheduled for August 2, 2023. (Docket # 128).

On this record, defendants' motion to preclude Dr. Margolis's report and testimony should be granted. As an initial matter, plaintiff has consented to the relief sought by defendants and has requested that the Court preclude Dr. Margolis's expert report and testimony. *See TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motions was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same). Moreover, despite being warned that preclusion could result, plaintiff has neither indicted any intent to rely upon Dr. Margolis's report or testimony in this litigation nor confirmed a date for his deposition by the deadline set by the Court. Accordingly, defendants' motion to preclude Dr. Margolis's report and testimony is granted.

## **CONCLUSION**

For the reasons discussed above, defendants' motion to preclude the expert report and testimony of Dr. Margolis **(Docket # 123)** is **GRANTED**. The oral argument scheduled for August 2, 2023, at 2:00 p.m., is hereby **CANCELLED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July 26, 2023