UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAULA TARANTELLI-BENJAMIN,

                        Plaintiff,

          v.

ETHICON, INC., et al.,

                        Defendants.
_____

DECISION AND ORDER

14-CV-6386DGL

       Plaintiff Paula Tarantelli-Benjamin brought this action in 2014 against Ethicon Inc. and other defendants, seeking damages under various theories of product liability in connection with a medical device manufactured and sold by Ethicon.

       On November 2, the Court held a settlement conference before Magistrate Judge Marian W. Payson, attended by plaintiff (who at that point was appearing *pro se*, as she does now) and counsel for defendants.  The parties informed the Court that they had agreed to settle the case, and all that remained to be done was to commit the terms to writing, defendants' payment of the agreed-upon settlement amount, and the entry of a stipulation of dismissal.  Those matters were expected to take no more than two weeks or so.

       On February 6, 2024, in response to an inquiry from the Court, counsel for defendants stated in an email that the settlement funds had been delivered, but that plaintiff had not signed the dismissal consent order.  (Dkt. #137-1 at 12.)  On February 26, defense counsel emailed plaintiff, noting that the settlement funds had been delivered, and asking her to return the

executed settlement document.  Plaintiff responded that same day that she was beset by a multitude of problems, including her mother "actively dying," being "destroyed by [her] ex husband," having no car, and generally "going through a very very difficult time," but she added, "I promise that I will get this to you."  (Dkt. #137-1 at 15.)

On February 28, defense counsel sent a letter to the Court (Dkt. #137) requesting that the case be dismissed with prejudice, based on the parties' agreement and the defendants' compliance with the agreement by proffering the settlement funds to plaintiff.  The Court treats that request as a motion to enforce the settlement agreement and dismiss the action, and the motion is granted.

"[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing."  *Elliott v. City of New York*, No. 11-CV-7291, 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012); *see also U.S. Fire Ins. Co. v. Pierson & Smith, Inc.*, No. 06-cv-382, 2007 WL 4403545, at *3 (S.D.N.Y. Dec. 17, 2007) (where a party has entered into an agreement to settle, "the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement that were reported to the court").  *See*, *e.g.*, *Michelen v. IEEE GlobalSpec*, No. 19-CV-1591, 2021 WL 3471229, at *3 (N.D.N.Y. Aug. 6, 2021) (dismissing action based on parties' settlement agreement, notwithstanding plaintiff's refusal to sign settlement document).

As explained above, the parties in this case reported to the Court that the case had been settled, and that they agreed on the terms of the settlement.  It appears that defendants have lived

up to their end of the bargain by tendering payment of the agreed-upon settlement amount. Given the amount of time that has elapsed, there is no apparent reason why plaintiff could not by now have signed and returned the settlement document prepared by defense counsel.  She has informed defendants that she intends to do so, and the litany of troubles plaintiff recites in no way suggests that she has been prevented from signing the document, or that the document is in any way inaccurate or inconsistent with the parties' mutual understanding when they informed the Court that the case had been settled.

Pursuant to this Court's inherent authority to enforce a settlement agreement, *see Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005), the Court therefore grants defendants' motion to dismiss this action, as set forth below.

## CONCLUSION

Defendants' motion to dismiss based on the parties' settlement (Dkt. #137) is granted. It is hereby

ORDERED, that the action and all claims and cross-claims therein are hereby dismissed with prejudice.  Each party must bear its own costs; and it is further

ORDERED, that if there is a material breach of the terms of settlement, either party, on notice, may move to vacate this dismissal order and restore the case to the calendar.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 1, 2024.